UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jebrie Cross,

        Petitioner,                    Case Number: 26-11567
                                          Honorable F. Kay Behm

v.

State of Michigan, et al.,

        Respondent.

_____/

## <u>OPINION AND ORDER SUMMARILY DISMISSING CASE</u>

Plaintiff Jebrie Cross has filed a pro se complaint pursuant to 42 U.S.C. § 1983. Cross is in the custody of the Michigan Department of Corrections, serving two life sentences for first-degree felony murder, and a lesser term of years for assault with intent to do great bodily harm less than murder and felony firearm. *See Cross v. Braman*, No. 22-1314, 2023 WL 4535509, at *2 (6th Cir. July 13, 2023).  Cross's complaint concerns the state court criminal proceeding.  He claims that he was not mentally competent to stand trial, denied due process, and wrongfully convicted and sentenced.  (Compl., ECF No.1, PageID.3-5.)  He asks the Court to order his immediate release or, in the alternative, order the state trial court to vacate his convictions and grant him a new trial. (*Id.* at PageID.6.)

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment. See *Preiser v. Rodriguez*, 411 U.S. 475,

499 (1973).  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  If it would, the § 1983 claim is not cognizable and "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*  Unless a state prisoner's conviction has been previously invalidated, the prisoner's "§ 1983 action is barred ... no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Cross attacks the fairness of the state-court criminal proceeding which resulted in his present confinement but does not claim that his convictions have been invalidated by state officials or by a federal judge on habeas review.  If he were to prevail in this action, his continued confinement would be called into question.  Consequently, a civil rights complaint is not the proper avenue for seeking relief and the complaint will be dismissed.

Cross may challenge the validity of his state court convictions by filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  If he moves forward with a § 2254 habeas petition, Cross should be aware that before filing a second or

2

successive habeas petition, a petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court **DISMISSES** the complaint.  Because the Court is dismissing the complaint pursuant to *Heck v. Humphrey*, the dismissal will be without prejudice.  *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

The Court certifies that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Date: June 5, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

3